IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA f/u/b HUNGERFORD BROTHERS EXCAVATING, INC. | : : | |
| and | : | |
| HUNGERFORD BROTHERS EXCAVATING, INC., | : : | |
| Plaintiffs | : | |
| v. | : | |
| MELTECH CORPORATION, INC. | : : | |
| and | : | |
| O'LEARY ASPHALT, INC., | : : | CASE NO. 1:05CV01834 |
| and | : | |
| LIBERTY MUTUAL INSURANCE CO., | : | |
| Defendants | : | |
| * * * * * * * * * * * * * * * * * * * * * * * * | : | |
| UNITED STATES OF AMERICA f/u/b O'LEARY ASPHALT, INC., | : | |
| and | : | |
| O'LEARY ASPHALT, INC., | : | |
| Cross-plaintiffs | : | |
| v. | : | |
| MELTECH CORPORATION, INC., | : | |
| and | : | |

**LIBERTY MUTUAL INSURANCE CO.,** :

    **Cross-defendants**                 :

## ANSWER AND CROSS-CLAIM OF DEFENDANT O'LEARY ASPHALT, INC.

The United States of America, for the use and benefit of O'Leary Asphalt, Inc., and O'Leary Asphalt, Inc. (hereinafter collectively "O'Leary"), through counsel, Maury S. Epner and Miller, Miller & Canby, pursuant to Fed. R. Civ. P. 12 and 13, hereby submits its Answer to the Complaint previously filed by the plaintiffs ("Hungerford"), together with its Cross-claim against codefendants Meltech Corporation, Inc. ("Meltech") and Liberty Mutual Insurance Co. ("Liberty").

## ANSWER

In response to each numbered paragraph of Hungerford's complaint, O'Leary states as follows:

1. Deny.

2. O'Leary is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies same.

3. Admit.

4. Admit.

5. Admit.

6. Admit.

7. O'Leary admits that it entered into a subcontract with Hungerford which, following certain changes and credits, was in the amount of $102,200. O'Leary further states, however, that Hungerford never performed certain work under this subcontract in

2

the amount of $2,500. O'Leary further states that it paid Hungerford $99,700 and that this sum represented full payment under the subcontract.

8. Admit.

9. O'Leary admits that, during the project, it requested additional work from Hungerford in the approximate amount of $16,486. O'Leary denies the remaining allegations of paragraph 9 of the complaint.

10. O'Leary admits that Hungerford performed certain work under the subcontract and that it complied, in part, with the requirements of the subcontract and with direction from O'Leary. O'Leary denies the remaining allegations of paragraph 10 of the complaint.

11. Deny.

12. O'Leary hereby incorporates by reference its foregoing responses to paragraphs 1-11 of Hungerford's complaint.

13. Deny.

14. Deny.

15-20. O'Leary is without sufficient information to form a belief as to the truth of the allegations contained in paragraphs 15-20 and therefore, to the extent an answer is required of it, it denies same.

\* \* \* \* \*

### FIRST AFFIRMATIVE DEFENSE

O'Leary denies each and every averment contained in the complaint that is not otherwise specifically admitted or qualified herein.

## SECOND AFFIRMATIVE DEFENSE

Hungerford fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Hungerford's breach of contract claim against O'Leary.

## FOURTH AFFIRMATIVE DEFENSE

Hungerford has waived its claim in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

O'Leary reserves the right to assert additional affirmative defenses as they may become apparent.

## CROSS-CLAIM

21. O'Leary, as cross-plaintiff, realleges and incorporates herein by reference paragraphs 3-6 of Hungerford's Complaint and the foregoing Answer.

22. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1352 and 40 U.S.C. § 3133(b)(1). This Court has venue over the action pursuant to 40 U.S.C. § 3133(b)(3).

23. On February 9, 2005, Meltech entered into a subcontract with O'Leary, calling for O'Leary to perform certain excavation, paving and other related work in return for a contract price of $353,000. A copy of this subcontract is attached hereto as Exhibit 1 and incorporated herein by reference.

24. Meltech subsequently directed O'Leary to perform additional work, for additional remuneration, under the subcontract.

4

25. O'Leary subsequently performed all work as directed by Meltech and did so in an entirely competent and workmanlike fashion.

26. On or about April 25, 2005, O'Leary billed Meltech the sum of $129,831 under the subcontract. In two payments, sent on or about May 26, 2005 and on or about June 9, 2005, Meltech paid this bill in full.

27. O'Leary, however, has sent at least four additional invoices to Meltech for payment for work performed and materials provided in accordance with the subcontract. These four invoices, attached hereto as Exhibit 2 and incorporated herein by reference, total $214,669.03. All of the work performed and materials provided by O'Leary as reflected in these four invoices was provided or completed by it more than 90 days, and less than one year, prior to the date of the filing of this cross-claim. As of this date, Meltech has failed to pay O'Leary any portion of this $214,669.03.

## COUNT ONE
### (For Payment on a Bond—as against Meltech and Liberty)

28. O'Leary realleges and incorporates herein by reference paragraphs 21-27 of the foregoing cross-claim.

29. As a condition of Meltech's contract with the United States Army Corps of Engineers ("the contract") and pursuant to the Miller Act, 40 U.S.C. § 3131 *et seq.*, Meltech posted a labor and material payment bond on February 9, 2005, bond No. 017-007-644, underwritten by Liberty, to guarantee payment to subcontractors and others, including but not limited to O'Leary, in connection with the contract. A copy of this bond is attached as Exhibit 3 to Hungerford's complaint and is incorporated by reference herein.

30. Under the bond, Meltech and Liberty bound themselves jointly and severally, up to the amount of $998,000, to pay all claimants providing labor and/or materials under the contract, unless Meltech itself promptly made payment to all such claimants.

31. All of the work and materials provided by O'Leary and reflected in the invoices attached hereto as Exhibit 2 were provided to Meltech under the contract. As Meltech has not promptly paid O'Leary any part of the $214,669.03 due to O'Leary for such work and materials, Meltech and Liberty are now jointly and severally liable to O'Leary in that amount.

WHEREFORE, the United States of America, for the use and benefit of O'Leary Asphalt, Inc. and O'Leary Asphalt, Inc. requests judgment against Meltech and Liberty, jointly and severally, in the amount of $214,669.03, together with interest, costs and such other and further relief as the Court deems proper.

## COUNT TWO
### (For Breach of Contract—as against Meltech)

32. O'Leary realleges and incorporates herein by reference paragraphs 21-27 of the foregoing cross-claim.

33. Meltech entered into a subcontract with O'Leary on February 9, 2005.

34. Article I of the subcontract requires Meltech to pay O'Leary for services rendered and invoiced "no later than twenty-one (21) days" (emphasis in original) after Meltech's receipt of such invoices.

35. Despite the passage of more than 21 days from having received each of the invoices attached hereto as Exhibit 2, Meltech has failed to pay O'Leary the sum of $214,669.03 as reflected therein.

36. Meltech's failure to pay O'Leary the sum of $214,669.03 constitutes a breach of its subcontract with O'Leary and has caused O'Leary financial harm.

WHEREFORE, O'Leary Asphalt, Inc. requests judgment against Meltech in the amount of $214,669.03, together with interest, costs and such other and further relief as the Court deems proper.

Respectfully submitted,

MILLER, MILLER & CANBY

_____
Maury S. Epner, DC Bar No. 359253
200-B Monroe Street
Rockville, MD 20850
(301) 762-5212
(301) 762-6044 (Fax)

*Attorneys for the defendant and cross-plaintiff,*
*O'Leary Asphalt, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October, 2005, a copy of the foregoing was served electronically and mailed, by first class mail, to:

Donald H. Spence, Esq.
Michael P. Marchetti, Esq.
Greenburg, Spence & Taylor
51 Monroe Place, #707
Rockville, MD 20850

_____
Maury S. Epner